IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Northern Division)

**JEFFREY A. ALTENBURG,** *et al.*
    Plaintiffs

v.

                                Case No: 16-3374--RDB

**CALIBER HOME LOANS, INC.,** *et al.*
    Defendants

**PLAINTIFFS' SUPPLEMENTAL BRIEFING RELATED TO**
***HENSON V. SANTANDER CONSUMER USA INC.*, NO. 16-349, --- U.S. ----,**
**2017 WL 2507342 (U.S. JUNE 12, 2017)[1,2]**

Pursuant to this Court's Order dated June 15, 2017 (ECF 36), the Plaintiffs submit this supplemental brief related to the Supreme Court's recent ruling in *Henson v. Santander Consumer USA Inc.*, NO. 16-349, -- U.S. --, 2017 WL 2507342 (U.S. JUNE 12, 2017) and say:

**I. *HENSON* ANALYSIS**

The FDCPA has two separate definitions for who qualifies as a debt collector: (1) a person who's "principal purpose…is the collection of any debts"; or (2) and person who "regularly" collects debts "owed or due another." If a defendant meets either definition, it is a debt collector. In *Henson*, the Supreme Court held that Santander Consumer USA, Inc. ("Santander") is not a debt collector under the second definition. The "principal purpose" prong

---

[1] By Order of the Court (ECF. 36), the Court invited this limited supplement in light of the *Henson* decision by the Supreme Court.

[2] Plaintiffs hereby give notice that that they are dismissing their FDCPA claims against Defendant U.S. Bank Trust, NA solely in its capacity as Trustee for LSF9 Master Participation Trust ("LSF9") pursuant to a Fed. R. Civ. P. 41(a) and intend to proceed solely against Defendant Caliber Home Loans Inc. ("Caliber") on their FDCPA claims. Even though Defendants' Motion to Dismiss did not advance any argument that Caliber does not qualify as a debt collector, Plaintiffs' supplement is intended to respond to the Court's inquiry as to the application of *Henson* to the remaining FDCPA defendant—i.e. Caliber.

of the debt collector definition was not before the Court and the Court's holding did not even address it.[3]

The FDCPA's definition of "debt collector," in 15 U.S.C. §1692a(6), provides that a debt collector includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." In essence then "[t]he FDCPA establishes two alternative predicates for 'debt collector' status — engaging in such activity as the 'principal purpose' of the entity's business and 'regularly' engaging in such activity. 15 U.S.C. § 1692a(6)." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 61 (2d Cir. 2004). *Accord Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1316 n. 8 (11th Cir. 2015); *Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1208 (9th Cir. 2013); *Hester v. Graham, Bright & Smith*, 289 Fed.Appx. 35, 41 (5th Cir. 2008).

The phrase "debts owed or due or asserted to be owed or due another" that was dispositive in *Henson* is properly read as modifying *only* the second prong of the debt collector definition, that is, one "who regularly collects or attempts to collect, directly or indirectly," and not the first prong, "any business the principal purpose of which is the collection of any debts." The principle of statutory construction known as "the rule of the last antecedent" controls here. *Lockhart v. United States*, 136 S.Ct. 958, 962-63 (2016). The Supreme Court explained this canon as follows:

---

[3] *See Henson* at *3 ("another statutory definition of the term 'debt collector'—one that encompasses those engaged 'in any business the principal purpose of which is the collection of any debts.' § 1692a(6)...the parties haven't much litigated that alternative definition and in granting certiorari we didn't agree to address it either").

> When this Court has interpreted statutes that include a list of terms or phrases followed by a limiting clause, we have typically applied an interpretive strategy called the 'rule of the last antecedent.' See *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003). The rule provides that 'a limiting clause or phrase ... should ordinarily be read as modifying only the noun or phrase that it immediately follows.' *Ibid.*; see also Black's Law Dictionary 1532–1533 (10th ed. 2014) ('[Q]ualifying words or phrases modify the words or phrases immediately preceding them and not words or phrases more remote, unless the extension is necessary from the context or the spirit of the entire writing'); A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 144 (2012).

*Id.*

All FDCPA precedents agree with this construction. *Davidson*, 797 F.3d at 1316 n. 8; *Schlegel v. Wells Fargo Bank, N.A.,* 720 F.3d at 1209. Further, as applied to the Court's inquiry related to *Henson*, the use of phrase "any debts" in the "principal purpose" prong is facially broader than "debts owed or due or asserted to be owed or due another," since this latter usage defines a subset containing fewer than all debts. *See Davidson,* 797 F.3d at 1316, n. 8 ("'Any debts' means 'all debts,' including debts acquired from another, in default, or owed to the collecting entity.") The "owed or due or asserted to be owed or due another" language in in §1692a(6) therefore cannot be applied to the phrase "any debts" in in §1692a(6). In sum, the FDCPA's "principal purpose" definition covers all consumer debts including, as in this action, debts owned by another such as LSF9.

Entities like Santander are different than the professional bad debt collector before the Court in this action in Plaintiffs' FDCPA claim, i.e., Defendant Caliber.[4] The well pled and plausible facts before the Court demonstrate that Caliber' "principal purpose" is the collection of defaulted mortgage debts and is engaged in the collection of defaulted "debts owed or due or asserted to be owed or due another" (i.e. LSF9 and its affiliates who acquired the debts for

---

[4] *See* ACAC (ECF 8) at ¶¶ 9, 16-17, 20-22, 28, 32, 34, 37-38, 42-49, 52, 54-55, 58, 64-65, 69, 87, 89, and Ex. 2 (ECF 8-2).

pennies on dollar of what is claimed due and owing). *See* FN 4.  Further, professional bad debt third party servicers like Caliber have routinely been found to be debt collectors under the FDCPA.   *See e.g. Combs v. Bank of Am., N.A.*, No. GJH-14-3372, 2016 WL 8672923, at *5 (D. Md. Sept. 16, 2016); *Moss v. Ditech Fin., LLC*, No. PWG-15-2065, 2016 WL 4077719, at *4 (D. Md. Aug. 1, 2016).

The Supreme Court's decision that debt buyers like Santander are not debt collectors under the FDCPA's second definition of a debt collector that "regularly collects . . . debts owed or due . . . another," does not address the type of debt buyer before the Court, i.e. Caliber, whose "principal purpose . . . is the collection of any debts" and who attempts to collect debts on behalf of another.  Since the professional bad debt collectors like Caliber meet the "principal purpose" alternative, they can be found to be debt collectors under the FDCPA. This is separate and distinct from the alternative definition of debt collector addressed in *Henson*. *Henson* at *3; *Schlegel,* 720 F.3d at 1208. And an entity meeting either one of the two definitions qualifies as a debt collector. *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir.2000).  *See also Sterling v. Ourisman Chevrolet of Bowie Inc.*, 943 F. Supp. 2d 577, 585 (D. Md. 2013)("Simply put, 'a party qualifies as a debt collector where it operates a business that has the principal purpose of collecting debts or regularly attempts to collect debts that are owed to another.' *Goia v. CitiFinancial Auto,* 499 Fed.Appx. 930, 938 (11th Cir.2012)").

In *Henson*, one of the decisions with which the Supreme Court indicated it was agreeing (2017 WL 2507342 at *2) was *Davidson,* 797 F.3d 1309.  In *Davidson*, the Eleventh Circuit specifically stated that "'principal purpose' [is] not modified by 'owed or due another.'" *Id.* at 1316 n. 8. *Accord Schlegel,* 720 F.3d at 1209("This argument fails, because it would require us to overlook the word 'another' in the second definition of 'debt collector'").

One justification for treating third party debt collectors, like Caliber, engaged in the collection of bad debt as covered by the FDCPA, but not persons, like Santander, who have substantial other business, is "good will."  Judge Hollander explained:

> The FDCPA exempts creditors from liability because, unlike debt collectors, they "generally are restrained by the desire to protect their good will when collecting past due accounts." S. Rep. No. 95–382, at 2 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696. In contrast, debt collectors might lack such self-restraint because they would have "no future contact with the consumer and often are unconcerned with the consumer's opinion of them." *Id.*

*Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 525 (D. Md. 2013).

A company like Santander which is basically a credit grantor but acquires a small number of defaulted debts along with performing debts ***does*** have "good will" concerns, and ***does*** want to obtain further business from consumers.  But a person like Caliber which only acquires rights to collect upon defaulted consumer debts acquired by other entities like LSF9 for pennies on the dollar and proceeds immediately to collection activity[5] does not have good will concerns and does not expect future contact with the consumer again.

### III.    CONCLUSION

As stated above, *Henson* does not apply to question of whether Caliber qualifies as a debt collector since Plaintiffs' argument is that Caliber qualifies under the "principal purpose" portion of the definition which was not addressed by *Henson*. Further, *Henson* confirms that third parties like Caliber remain subject to the FDCPA.  *Henson* at *2 ("Everyone agrees that the term embraces [third parties]—someone hired by a creditor to collect an outstanding debt").

---

[5]    *See e.g.* ACAC (ECF 8) at ¶ 16 (Caliber offers only offer unsustainable modifications as a matter of practice if even offered), ¶¶ 21-22, 25 (Caliber acquired Alternburg's defaulted note and proceeded to collection by foreclosure in about seven months), ¶¶ 32, 34, 36-40 (Caliber acquired the servicing rights Wood's defaulted note and proceeded to collection by foreclosure in less than a month and further activities after that).

Respectfully Submitted,


*/s/ Phillip R. Robinson*
Phillip R. Robinson
Federal Bar No. 27824
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD  20910
Phone (301) 448-1304

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on this day the foregoing served via the Court's electronic filing on all counsel and parties of record.


*/s/ Phillip R. Robinson*
Phillip Robinson