IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| JEFFREY ALTENBURG, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CALIBER HOME LOANS, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:16-cv-03374-RDB |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS
AND CERTIFY QUESTIONS TO THE MARYLAND COURT OF APPEALS**

Pursuant to the Court's Letter Order of June 15, 2017, Defendants Caliber Home Loans, Inc. ("Caliber") and U.S. Bank Trust, N.A., ("U.S. Bank" or "Trustee") solely in its capacity as Trustee for the LSF9 Master Participation Trust ("LSF9 Trust") (collectively "Defendants"), by counsel, respectfully file this Supplemental Brief in Support of their Motion to Dismiss or, in the Alternative, Stay Proceedings and Certify Questions to the Maryland Court of Appeals.

**INTRODUCTION**

Plaintiffs' Supplemental Brief and their offer to dismiss Defendant U.S. Bank appear to implicitly concede that *Henson v. Santander Consumer USA, Inc.*, No. 16-349 (U.S. June 12, 2017), disposes of their claims against U.S. Bank, solely in its capacity as Trustee for the LSF9 Trust.[1] The Supreme Court held in *Henson* that an entity collecting debts it purchased for its own account is ***not*** a "debt collector" under the provision in 15 U.S.C. § 1692a(6) concerning persons

---

[1] Plaintiffs filed their Supplemental Brief last evening. They state in footnote no. 2 of the Supplemental Brief their intention to amend the Amended Complaint once more to dismiss all claims against U.S. Bank and to focus solely on Caliber, the loan servicer for loans owned by the LSF9 Trust.

1

that collect debts "owed or due another," even if they purchased the debt after default. *See generally Henson*, slip op. at 3-11.

Nevertheless, Plaintiffs attempt to reinvent their already Amended Complaint and breathe life into their claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), by focusing exclusively on Caliber, the loan servicer for the mortgage loan investments held by the LSF9 Trust. The focus on Caliber does not change the analysis. As pled, Plaintiffs' Amended Complaint – including their FDCPA claim – rests on their allegations that the LSF9 Trust is an "unlicensed collection agency" under the Maryland Collection Agency Licensing Act, Md. Code. Ann., Bus. Reg. § 7-101 *et seq*. ("MCALA"), and that its efforts to foreclose on defaulted loans in its investment portfolio are therefore improper and illegal. Based on the allegations of the current Amended Complaint, the focus on Caliber does not change the impact of the *Henson* case on the claims asserted by Plaintiffs.[2]

**ARGUMENT**

The Supreme Court's *Henson* decision further confirms that Plaintiffs' FDCPA claim must be dismissed. The Supreme Court held in *Henson* that an entity collecting debts that it purchased for its own account is ***not*** a "debt collector" under the provision in 15 U.S.C. § 1692a(6) that defines a "debt collector" as anyone who "regularly collects or attempts to collects…debts owed or due or asserted to be owed or due another." *See generally Henson*, slip op. at 3-11.

The Supreme Court's ruling affirmed the Fourth Circuit's decision in *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131 (4th Cir. 2016), leaving it completely intact. In that decision, the Fourth Circuit held that "the default status of a debt has no bearing on whether a person

---

[2] To the extent Plaintiffs propose, in addition to the dismissal of U.S. Bank, to amend their claims against Caliber, Defendants will have to await a review of any such proposed amendment before it can fully respond to Plaintiffs shift in focus to Caliber. Of course, it should be noted that Caliber is a licensed mortgage servicer under Maryland law expressly exempt from the definition of a collection agency.

2

qualifies as a debt collector under the threshold definition set forth in 15 U.S.C. § 1692a(6)." *Id.* at 135.  Thus, it does not matter that the debts were in default at the time they were purchased or acquired, nor does it matter that the acquiring entity bought them for "a few cents on the dollar." *Id.* at 136-39.  An entity collecting its own debts "is acting as a *creditor*, not a *debt collector*," and the fact that the entity may also collect debts on behalf of others as part of its business does not pull it "under the regulation of the FDCPA…when it collects for itself." *Id.* at 140.  The Fourth Circuit concluded: "At bottom, a valid claim under the FDCPA *inherently requires the coming together of all the statutory elements at the time of and in connection with the prohibited conduct*." *Id.* (emphasis added).  Thus, a plaintiff alleging an FDCPA violation "must prove that the defendant was acting as a debt collector, as defined by § 1692a (6)" not just at some point in the course of its business, but specifically when it engaged in the allegedly unlawful conduct. *Id.*

As discussed in Defendants' prior briefing, the LSF9 Trust is not a "debt collector" under the FDCPA.  By Plaintiffs' own allegations, the LSF9 Trust fits none of the statutory definitions of "debt collector," and certainly was not acting as a "debt collector" at the time of the events and actions about which Plaintiffs complain.  The LSF9 Trust is a Delaware statutory trust created to hold the assets of a private equity fund, which invests in a "broad range of financial and other investment assets," and holds a number of different types of investments.  *See* Am. Compl. ¶ 8.  Plaintiffs do not – and cannot – allege that the "principal purpose" of its business is to collect debts, nor do they (or can they) allege that the LSF9 Trust was collecting debts "owed to others." *See* Defs' Mem. in Supp. of Mot. to Dism. (ECF No. 18-1) at 24-26; Defs' Reply Br. in Supp. of Mot. to Dism. (ECF No. 25) at 15-17.

Indeed, Plaintiffs specifically acknowledge in their Amended Complaint that the LSF9 Trust *owned* their debts at the time of the alleged FDCPA violations.  *See* Am. Compl. ¶¶ 9

(alleging the LSF9 Trust "is the *owner* of [Plaintiff] Altenburg's loan subject to this action"), 87 (alleging Defendants "*acquired* their interest in the Named Plaintiffs' and Class members' consumer loans [.]") (Emphasis added.)  Plaintiffs therefore concede the LSF9 Trust was not seeking to collect "debts owed or due or asserted to be owed or due another."  Rather, Plaintiffs allege the LSF9 Trust was seeking to collect on debts that it had purchased for its own account.

This places the LSF9 Trust squarely within the Supreme Court's holding in *Henson*.  A debt purchaser that seeks to collect its acquired debts for itself cannot be deemed a "debt collector" under the provision of § 1692a (6) dealing with entities that collect debts "owed or due another."  Neither the default status of the debt, nor the amount paid by the purchaser for it, has any effect on this conclusion.  The Supreme Court's decision in *Henson* conclusively removes any doubt as to whether the LSF9 Trust can be considered a "debt collector" under that provision.  It cannot.

Plaintiffs also allege the LSF9 Trust acquires defaulted debts "as a regular part of its business" for less than the value of the property or the amount due on the loan.  Am. Compl. ¶ 8.c.  This, presumably, represents an attempt to shoehorn the LSF9 Trust into a different provision of § 1692a(6), which states that an entity may be deemed a "debt collector" if the "principal purpose" of its business is "the collection of debts."  The Supreme Court did not address that provision of § 1692a(6) in *Henson* – rather, it addressed only the provision dealing with entities that collect debts "owed or due another."

However, the Supreme Court otherwise affirmed and left intact the Fourth Circuit's decision in *Henson*, which held that a debt's default status at the time of acquisition is ***irrelevant*** to determining whether the purchaser is a "debt collector" under § 1692a(6).  817 F.3d at 136-39.  Indeed, the purchased debts at issue in *Henson* were acquired for "a few cents on the dollar," *id.* at 137, much as Plaintiffs here allege the LSF9 Trust acquired their loans for "pennies on the

4

dollar." Am. Compl. ¶ 8.c. So, it does not matter whether the LSF9 Trust "regularly" acquires defaulted debt at a discount as part of its business. This does not make it a "debt collector." To be a "debt collector," the ***principal purpose*** of the entity's business must be debt collection, and Plaintiffs have failed to allege (and cannot allege) that here.

## CONCLUSION

For the foregoing reasons, and all other reasons discussed in Defendants' prior briefing on this Motion, Plaintiffs' FDCPA claim must be dismissed.[3]

Dated: June 23, 2017

                                                      */s/ Ava E. Lias-Booker*
Ava E. Lias-Booker (Bar No. 05022)
**McGuireWoods LLP**
7 Saint Paul Street, Suite 1000
Baltimore, MD 21202
(410) 659-4430
(410) 659-4483 Fax
alias-booker@mcguirewoods.com

Brian E. Pumphrey (admitted *pro hac vice*)
**McGuireWoods LLP**
800 East Canal Street
Richmond, VA 23219
(804) 775-7745
(804) 698-2018 Fax
bpumphrey@mcguirewoods.com
***Counsel for Defendants***

---

[3] While dismissal of Plaintiffs' FDCPA claim (Count II of the Amended Complaint) will remove the only federal claim from this case, under 28 U.S.C.A. §§ 1332(a), 1332(d), and 1367, this Court will retain subject matter jurisdiction of Count I for declaratory judgment and Count III alleging a violation of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-101 *et seq.*, and Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201 *et seq*. *See, e.g.*, *Void v. OneWest Bank*, No. DKC 11-0838, 2011 WL 3240478, at *3 (D. Md. July 27, 2011) (concluding that the amount in controversy requirement is satisfied because "Defendant would be unable to foreclose on the subject property or collect the outstanding balance on the note" if the declaratory relief sought by the plaintiff was granted); *Francis v. Allstate Insur. Co.*, 709 F.3d 362, 368-69 (4th Cir. 2013) (affirming trial court's inclusion of fees as part of the amount in controversy under the state statute). Should the Court wish to receive additional briefing on the jurisdictional issue, Defendants can provide such briefing at the Court's convenience.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of June, 2017, a copy of the foregoing was filed and served via CM/ECF, on the following:

> Phillip R. Robinson, Esquire
> Consumer Law Center, LLC
> 8738 Colesville Road, Suite 308
> Silver Spring, Maryland 20910

/s/ *Ava E. Lias-Booker*
Ava E. Lias-Booker