IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFREY A. ALTENBURG, et al., | * |
| Plaintiffs, | * |
| v. | * |
| CALIBER HOME LOANS, INC., et al., | * Civil Action No.: RDB-16-3374 |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiffs Jeffrey Altenburg ("Altenburg") and Judy Wood ("Wood") (collectively, "plaintiffs") have filed this putative class action against defendants Caliber Home Loans, Inc. ("Caliber") and U.S. Bank, N.A., solely in its capacity as Trustee for LSF9 Master Participation Trust ("LSF9") (collectively, "defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201, *et seq.*, and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13–101, *et seq.*, based on Caliber's filing of foreclosure actions against plaintiffs' properties on behalf of LSF9, which was not licensed as a consumer debt collector under the Maryland Collection Agency Licensing Act ("MCALA"), Md. Code Ann., Bus. Reg. § 7-301. (ECF No. 8 at ¶¶ 2-5.)

Now pending before this Court is defendants' Motion to Dismiss or, in the Alternative, to Stay Proceedings and Certify Questions to the Maryland Court of Appeals ("Defendants' Motion") (ECF No. 18). The parties' submissions have been reviewed, and

1

no hearing is necessary.[1]  *See* Local Rule 105.6 (D. Md. 2016).  For the reasons stated below, Defendants' Motion (ECF No. 18) is GRANTED IN PART and DENIED IN PART. Specifically, Defendants' Motion is GRANTED as to plaintiff Wood, whose claims are time barred.  Defendants' Motion is also GRANTED as to Count I of plaintiffs' Amended Complaint (Declaratory Relief), which is DISMISSED.  Defendants' Motion is DENIED as to plaintiff Altenburg's FDCPA claim against Caliber (Count II) and state law claims against LSF9 and Caliber (Count III).  It is also DENIED as to the certification of questions to the Maryland Court of Appeals.

## BACKGROUND

Plaintiff Jeffrey A. Altenburg is a resident of the State of Maryland and an owner of the real property commonly known as 11810 Triadelphia Rd., Ellicott City, MD 21042 ("the Altenburg Property").  (ECF No. 8 at ¶ 6.)  Plaintiff Judy Wood, f/k/a Judy Blachowicz, formerly owned the real property known as 20 Talister Court in Baltimore County, Maryland (the "Wood Property"), which was previously her home and property before a foreclosure sale which occurred on December 31, 2014.  (*Id.* at ¶ 7.)

Defendant LSF9 is a Delaware statutory trust owned by Loan Star Funds, a global private equity firm, and managed by Hudson Advisors, L.P., an asset management firm headquartered in Dallas, Texas.  (ECF No. 8 at ¶ 8.)  U.S. Bank, N.A., serves as trustee for

---

[1] Also pending are plaintiffs' Motions for Judicial Notice (ECF Nos. 21, 29) and plaintiffs' Motion for Leave to Present the Court with the Recent Supplemental Authorities of the Maryland Court of Appeals (ECF No. 28).  Defendants have opposed plaintiffs' Motions.  (ECF Nos. 26, 30, 33.)  To the extent that plaintiffs' Motions merely call this Court's attention to a series of relevant cases, the Motions (ECF Nos. 21, 28, and 29) will be GRANTED.  This decision, however, has no bearing on the weight which this Court may accord to any of the authorities mentioned therein.

2

the LSF9 trust. (*Id.*) Plaintiffs allege that "[a]s a regular part of its business, LSF9 acquires defaulted debts," including the debts of plaintiffs Altenburg and Wood, and is, thus, a "consumer debt purchaser." (*Id.*) Plaintiffs further allege that "LSF9 has delegated and assigned all duties related to [plaintiffs' loans] to Caliber," including "the retention of attorneys/substitute trustees and other collection agencies to initiate foreclosures and assert proceedings against Maryland residents." (*Id.* at ¶ 9.) Through these activities, plaintiffs assert, LSF9 and Caliber extract interest payments from consumers through short-term forbearance loans and, when debtors are unable to make payments on these loans, take title to the collateral properties through foreclosure actions. (*Id.* at ¶ 16.)

On or about March 30, 2007, plaintiff Altenburg refinanced the Altenburg Property with Bank of America, N.A. (the "Altenburg Loan"). (ECF No. 8 at ¶ 18.) Altenburg subsequently defaulted on that loan on October 2, 2011. (*Id.* at ¶ 20.) While the Altenburg Loan was in default, LSF9 took ownership and Caliber acquired all servicing rights to the loan. (*Id.* at ¶¶ 21-22.) Through their agent, the law firm of McCabe, Weisberg, and Conway, LLC, LSF9 and Caliber began foreclosure proceedings against the Altenburg Property in the Circuit Court for Howard County, Maryland on March 9, 2016. (*Id.* at ¶ 25.) Altenburg then moved to dismiss the foreclosure action on the basis that LSF9 was not licensed as a Maryland collection agency and, thus, had no right to attempt to collect on the underlying debt. (*Id.* at ¶ 26.) The Circuit Court conducted two hearings and then granted Altenburg's motion to dismiss on August 30, 2016. (*Id.* at ¶ 27.)

On or about December 23, 2005, plaintiff Wood refinanced the Wood Property, her home and property, with National City Bank of Indiana's AccuBanc Mortgage (the "Wood

3

Loan"). (ECF No. 8 at ¶ 29.) Before January 1, 2014, Wood defaulted on that loan. (*Id.* at ¶ 30.) While the Wood Loan was in default, LSF9 took ownership and Caliber acquired all servicing rights to the loan. (*Id.* at ¶¶ 32, 34.) Through their agent, Alba Law Group, P.A., LSF9 and Caliber began foreclosure proceedings against the Altenburg Property in the Circuit Court for Baltimore County, Maryland and conducted a foreclosure sale of the Wood Property on December 31, 2014. (*Id.* at ¶ 36.) Subsequently, on September 14, 2015, SIMM Associates, Inc., a collection agency retained by defendant Caliber, demanded payment of $13,620.21 based on the Wood Loan. (*Id.* at ¶ 37.) Wood disputed SIMM's demand. (*Id.*) On or about January 28, 2016, Caliber sent an IRS Form 1099 related to the Wood Loan to Wood and to the Internal Revenue Service. (*Id.* at ¶ 39.)

Plaintiffs allege that defendants violated the FDCPA, MCDCA, and MCPA by filing the respective foreclosure actions without LSF9 being properly licensed under Maryland law. Plaintiffs' claims thus rest on the licensing requirements of the Maryland Collection Agency Licensing Act, Md. Code Ann., Bus. Reg. § 7-301, which requires a collection agency to be licensed in order to collect or attempt to collect on consumer debts in Maryland. (*Id.*)

While Defendants' Motion was pending, plaintiffs filed several motions calling this Court's attention to a series of cases pending and/or recently decided in Maryland state courts. (ECF Nos. 21, 28, and 29.) Furthermore, in response to this Court's inquiry regarding several authorities cited in their briefs, the parties filed a Joint Notice Concerning the Appellate Status of Cases Cited in the Parties' Motions and Papers (the "Appellate Notice"). (ECF No. 32.) On April 17, 2017, plaintiffs provided an appropriate update to the Appellate Notice (ECF No. 35), notifying this Court that the Maryland Court of Special

4

Appeals had issued its opinion in the consolidated appeals of *Blackstone, et al., v. Sharma, et al.* and *Shanahan, et al., v. Marvastian, et al. Blackstone v. Sharma*, Nos. 1524, 1525, Sept. Term 2015, 2017 WL 2438485 (Md. Ct. Spec. App. June 6, 2017).[2]

Finally, on April 26, 2017, this Court corresponded with the parties regarding the pendency of *Henson, et al. v. Santander Consumer USA, Inc.*, No. 16-349, before the United States Supreme Court. This case, the parties agreed, was pertinent to the pending matter; accordingly, the parties agreed that this Court should await the Supreme Court's resolution of that appeal before ruling on Defendants' Motion. The Supreme Court issued its unanimous opinion on June 12, 2017, affirming the decision of the United States Court of Appeals for the Fourth Circuit, 817 F.3d 131 (4th Cir. Mar. 23, 2016), which, in turn, affirmed the decision of this Court, No. RDB-12-3519, 2014 WL 1806915 (D. Md. May 6, 2014). *Henson v. Santander Consumer USA Inc.*, ---S. Ct.---, 2017 WL 2507342 (U.S. June 12, 2017). The parties requested an opportunity to submit additional briefing based on the Supreme Court's decision in *Henson*. (ECF No. 36.) This request was granted, and the parties submitted their supplemental briefs on June 23, 2017.[3] (ECF Nos. 37, 38.)

---

[2] *Sharma-Marvastian* was initially issued as an unpublished opinion under the rules of the Maryland Court of Special Appeals, but later was designated as a published opinion.

[3] While *Henson* did not foreclose entirely plaintiffs' prior argument that LSF9 is a debt collector under the FDCPA, plaintiffs voluntarily dismissed their FDCPA claim against LSF9 in their supplemental brief. (ECF No. 37 at 1, n. 2.) Plaintiffs are pursuing their FDCPA claims against defendant Caliber ONLY. (*Id.*)
 Defendants argue in their supplemental brief that plaintiffs' voluntary dismissal of their FDCPA claim against LSF9 withdraws that count entirely. (ECF No. 38.) As the operative Amended Complaint also names Caliber as a defendant on this Count, plaintiffs may pursue their FDCPA claim against Caliber. *See* ECF No. 8 at ¶¶ 88-9. Plaintiffs have stated a plausible claim that Caliber violated the FDCPA.

5

# STANDARDS OF REVIEW

## I. Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir.

2017).  While a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

Under limited exceptions, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see U.S. ex rel. Oberg*, 745 F.3d at 136 (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

7

## II. Motion to Certify Questions to the Maryland Court of Appeals

"The decision whether to certify a question of state law to that state's highest court 'rests in the sound discretion of the federal court.'" *Marshall v. Selective Way Ins. Co.*, RDB-13-1101, 2015 WL 1186442, at *2 (D. Md. Mar. 13, 2015) (quoting *Marshall v. James B. Nutter & Co.,* RDB–10–3596, 2013 WL 3353475, at *7 (D. Md. July 2, 2013) *aff'd*, 758 F.3d 537 (4th Cir. 2014)). *See also Lehman Bros. v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974); *Boyster v. Comm'r of Internal Revenue Serv.,* 668 F.2d 1382 (4th Cir. 1981)); *Hafford v. Equity One, Inc.,* 2008 WL 906015, at *4 (D. Md. Mar. 31, 2008). In exercising this discretion, federal courts may decline to certify a question where the federal court can reach a "reasoned and principled conclusion." *Hafford*, 2008 WL 906015, at *4. When a federal court can reach a reasoned and principled conclusion, the "federal court should decide the case before it rather than staying and prolonging the proceedings." *Arrington v. Coleen, Inc.,* 2001 WL 34117735, at *5 (D. Md. Mar. 29, 2001).

## DISCUSSION

### I. Plaintiffs' Affirmative Arguments in Opposition to Defendants' Motion

#### A. Collateral Estoppel Does Not Bar Defendants' Arguments and Theories

Plaintiffs assert that defendants are collaterally estopped from raising in this case arguments previously raised in Altenburg's foreclosure case in the Circuit Court for Howard County, Maryland. (ECF No. 22 at 22-25.)

Defendants argue that plaintiffs' attempted use of offensive collateral estoppel does is inappropriate because the prior ruling on which plaintiffs rely was a dismissal without

prejudice and not a "final judgment on the merits." (ECF No. 25 at 11.) Thus, the decision of the Circuit Court for Howard County in the Altenburg foreclosure action has no preclusive effect. (*Id.*)

It is well established that under Maryland law, "a party must meet a four-prong test before a court may permit the use of collateral estoppel:

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?
2. Was there a final judgment on the merits?
3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?
4. Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

*Lembach v. Bierman*, 528 F. App'x 297, 305 (4th Cir. 2013) (quoting *Rourke v. Amchem Prods., Inc.*, 153 Md. App. 91, 835 A.2d 193, 205 (2003)). In *Lembach* and in the instant case, the state court's dismissal without prejudice does not constitute a "final judgment on the merits" which is entitled to any preclusive effect. Plaintiffs' argument is thus unavailing.

### B. The Full Faith and Credit Act is Not Implicated by the State Court *Altenburg* Action

Plaintiffs assert that the Full Faith and Credit Act, 28 U.S.C. § 1738, requires this Court to follow the judgment of the Circuit Court for Howard County, Maryland in the *Altenburg* foreclosure action. (ECF No. 22 at 26.)

Defendants argue in opposition that § 1738 "adds nothing to Maryland preclusion doctrine," and "merely directs federal courts 'to treat a state court judgment with the same respect that it would receive in the courts of the rendering state." (ECF No. 25 at 15-16) (quoting *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373, 116 S. Ct. 873, 877 (1996)).

9

The Supreme Court has explained that "28 U.S.C. § 1738 generally requires federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Haring v. Prosise*, 462 U.S. 306, 313, 103 S. Ct. 2368, 2373 (1983) (internal citation omitted). As set forth above, the Circuit Court for Howard County's dismissal without prejudice in the *Altenburg* foreclosure action is not a "final judgment on the merits" and, thus, has no preclusive effect. Accordingly, § 1738 does not compel this Court to accord the state court *Altenburg* action any preclusive effect.

In sum, plaintiffs' efforts to avoid litigating the merits of Defendants' Motion by standing behind the state court *Altenburg* decision are without merit. The decision of the Circuit Court for Howard County constitutes persuasive authority only.

## II. Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)

### A. Plaintiff Wood's Claims are Time Barred

Defendants move to dismiss plaintiff Wood's claims as time barred under the Fair Debt Collection Practices Act's one year statute of limitations. (ECF No. 18-1 at 35.) *See* 15 U.S.C. § 1692k(d).

Plaintiff Wood argues in opposition that defendants "concealed from her that LSF9 was not licensed as a collection agency" in Maryland and, thus, had no legal right to file the foreclosure action against her property. (ECF No. 22 at 39.) Thus, plaintiffs argue, the statute of limitations should be equitably tolled. In addition, plaintiffs assert that certain "collection actions and misrepresentations" occurred within the one-year period prior to the filing of the Complaint in this action.

Wood filed this action on October 7, 2016. Thus, the FDCPA's one year statute of limitations bars any alleged violations which occurred before October 7, 2015. *See* 15 U.S.C. § 1692k(d). The only alleged "collection action" which took place during the year prior to the filing of the Complaint was the issuance of an IRS Form 1099 reflecting the debt previously owed. (ECF No. 8 at ¶ 39.) However, defendants' issuance of this mandatory tax reporting form does not constitute a collection activity under the FDCPA. This Court previously has held that "filing a Form 1099-C is a creditor's required means of satisfying a reporting obligation to the IRS." *Hughes v. J.P. Morgan Chase Bank, N.A.*, RDB-16-2311, 2016 WL 7012278, at \*4 (D. Md. Nov. 29, 2016) (quoting *F.D.I.C. v. Cashion*, 720 F.3d 169, 179 (4th Cir. 2013)). *See Elkins v. Diversified Collection Servs., Inc.*, 2013 WL 3754830, at \*5 (S.D.W. Va. July 15, 2013).

Plaintiffs' argument that the statute of limitations should be equitably tolled is similarly unavailing. As this Court has explained:

> "Equitable tolling is available only in those rare instances when—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result. Equitable tolling can extend limitations for allegations of fraudulent concealment where the plaintiff can prove that the wrongdoer concealed facts that are the basis of the fraud claim and plaintiff failed to discovery those facts despite the exercise of due diligence."

*Akakpo v. HSBC Bank USA, N.A.*, PX-16-1082, 2017 WL 1048256, at \*3 (D. Md. Mar. 20, 2017) (internal citations omitted). *See also Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001). In this case, there is no basis on which to find that defendants fraudulently concealed the fact that LSF9 was not licensed under MCALA. As defendants note, "the Maryland Department of Labor, Licensing, and Regulation provides a public database listing entities

11

that are licensed collection agencies, and Plaintiff Altenburg readily found that information in order to defend against his foreclosure." (ECF No. 18-1 at 36.)

Thus, as plaintiff Wood's claims are both untimely and not saved by the doctrine of equitable tolling, they must be dismissed.[4]

### B. Whether LSF9 Was Required to Obtain a License Under MCALA

While defendants vigorously assert that LSF9 was not required to obtain a license under MCALA and, thus, that LSF9 did not violate the FDCPA, MCDCA, or MCPA, many of the arguments they raise have been repeatedly rejected by this Court. *Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 519 (D. Md. 2013); *Bradshaw v. Hilco Receivables, LLC,* 765 F.Supp.2d 719, 726–27 (D. Md. 2011). Indeed, largely identical arguments again were rejected by the Maryland Court of Special Appeals in its recent opinion in *Sharma-Marvastian*. As the factual and procedural posture of *Sharma-Marvastian* is almost identical to that presented in the *Altenburg* action, a close examination is appropriate.

Similar to the instant *Altenburg* case, *Sharma-Marvastian*:

> "originates from two foreclosure cases filed in the Circuit Court for Montgomery County. In both cases, substitute trustees (collectively, "appellants") acting on behalf of Ventures Trust 2013-I-H-R ("Ventures Trust"), a statutory trust formed under the laws of the State of Delaware, filed orders to docket foreclosure suits against homeowners in the State of Maryland. The circuit court judges who considered the cases dismissed the actions, determining that pursuant to the Maryland Collection Agency Licensing Act ("MCALA"), codified at [Md. Code, Bus. Reg. § 7-101, *et seq*.], Ventures Trust was required to be licensed as a collection agency and, because Ventures Trust had not obtained such a license, any judgment entered as a result of the foreclosure actions would be void."

*Sharma-Marvastian*, 2017 WL 2438485, at *1. The questions presented on appeal were:

---

[4] This Court need not reach the argument that *res judicata* bars Wood's claims. *See* ECF No. 18-1 at 36-38.

1. "Under the MCALA, does a party who authorizes a trustee to initiate a foreclosure action need to be licensed as a collection agency before filing suit?"

2. "If the answer to question one is in the affirmative, does the licensing requirement apply to foreign statutory trusts such as Ventures Trust?"

*Id.* Rejecting the appellant trusts' several arguments that they were exempt from MCALA, the Court concluded that under Maryland law:

> "A debt purchaser that attempts to collect a consumer debt by bringing a foreclosure action is required to have a license unless some statutory exemption applies. Contrary to appellants' contention, Ventures Trust is not a "trust company" within the meaning of the MCALA and must therefore obtain a debt collection license in accordance with the provisions of the MCALA before bringing a foreclosure action. Because Ventures Trust had no such license, it was barred from filing, through its agents, the two foreclosure actions here at issue."

*Id.*, 2017 WL 2438485, at *7. Accordingly, the Court of Special Appeals affirmed the underlying Circuit Court judgments dismissing the foreclosure actions on account of the foreclosing trusts' failure to obtain the requisite MCALA licenses.

In light of the Court of Special Appeals' decision in *Sharma-Marvastian*, plaintiff Altenburg has alleged sufficiently that LSF9 was a "collection agency" under MCALA; that LSF9 was "doing business" under MCALA by filing the foreclosure action against the *Altenburg* Property; that LSF9 attempted to collect on "consumer claims"; and that LSF9 is not exempt from MCALA as a "trust company".[5] Accordingly, LSF9 was required to obtain a license under MCALA.

---

[5] This Court further notes that defendants' efforts to distinguish *in rem* and *in personam* actions as a basis to avoid MCALA's licensing requirements is similarly unavailing. Indeed, *Sharma-Marvastian* dealt with *in rem* foreclosure actions and found that the licensing requirement did apply.

### C. Plaintiffs' Claim for Declaratory Relief

Count One of plaintiffs' Amended Complaint seeks a judicial declaration that:

"(a) LSF9 is not entitled, directly or indirectly, as a matter of law to collect against any member of the Class while acting as an unlicensed collection agency; (b) Named Plaintiffs also seek a declaration that Caliber may not, directly or indirectly threaten or actually utilize the assistance of any Maryland court to collect or attempt to collect any consumer debt owed to LSF9 while it is acting as an unlicensed collection agency."

(ECF No. 8 at ¶ 35.)

Defendants move to dismiss this count on the basis that this Court has routinely rejected claims for a declaratory judgment when the underlying cause of action is brought pursuant to the FDCPA, MCDCA, or MCPA. (ECF No. 18-1 at 32) (citing *Winemiller*, *Bradshaw*, and *Hauk*.) Plaintiffs argue in opposition that declaratory relief was rejected in the cases identified by defendants not because such relief was necessarily improper, but, rather, because the relief sought had been rendered moot by the circumstances surrounding those cases. (ECF No. 22 at 34-35.)

Plaintiffs' argument is without merit. This Court, as defendants note, has repeatedly rejected claims for declaratory relief premised on violations of the FDCPA, MCDCA, and MCPA. *Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358, 369 (D. Md. 2010) ("The principal deficiency with the plaintiffs' argument is that the amended complaint does not cite any federal or state statutes that independently entitle the plaintiffs to declaratory and injunctive relief."). *See also Bradshaw,* 765 F. Supp. 2d at 733 (same). Nor do the statutes themselves suggest the availability of declaratory relief. *See* 15 U.S.C. § 1692k, Md. Code

14

Ann., Com. Law § 13-408, Md. Code Ann., Com. Law § 14-203. Accordingly, plaintiffs' claim for declaratory relief (Count I) is DISMISSED.[6]

### III. The *Rooker-Feldman* Doctrine Does Not Warrant the Imposition of a Stay

Defendants argue that this Court should impose a stay in this case because plaintiffs' claims seek to overturn state court judgments in contravention of the *Rooker-Feldman* doctrine. (ECF No. 18-1 at 38-9.) *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).[7]

While defendants correctly note that the state court *Altenburg* judgment has been appealed, this Court finds that there is little (if any) risk that ruling on the instant motion to dismiss and allowing discovery in this case to proceed would implicate the *Rooker-Feldman* doctrine. Moreover, Altenburg prevailed in the state court foreclosure action, and in light of the well-reasoned, published decision reached in *Sharma-Marvastian*, the prospect that the state court judgment would be overturned is highly speculative. *See Bradshaw*, 765 F. Supp. 2d at 728, n. 7 ("The Fourth Circuit has noted that the *Rooker–Feldman* doctrine is a 'narrow doctrine' in that it precludes federal court 'cases brought by state-court losers complaining of

---

[6] While plaintiffs identify the federal Declaratory Judgment Act, 28 U.S.C § 2201, as an alternative basis for the relief sought, the power to issue a declaratory judgment pursuant to that statute is discretionary. *See White Marlin Open, Inc. v. Heasley*, RDB-16-3105, 2017 WL 467733, at *3–4 (D. Md. Feb. 3, 2017). As the declaratory relief sought would not—in and of itself—serve a useful purpose in clarifying the parties' legal relations and would be largely duplicative of the other relief sought through this action, this Court, in its discretion, declines to grant this additional relief.

[7] The Supreme Court has noted that the *Rooker–Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005). *See* Wright & Miller, 18B Fed. Prac. & Proc. Juris. § 4469.1 (2d ed.).

injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"). In sum, defendants' request that this action be stayed is DENIED.

### IV. Defendants' Motion to Certify Questions to the Maryland Court of Appeals

Defendants move in the alternative for this Court to certify two questions to the Maryland Court of Appeals:

1. "Does MCALA apply to foreign statutory trusts, such as LSF9 Master Participation Trust?"

2. "Does MCALA apply to foreclosure proceedings pursued by the trustee or servicer of a mortgage investment trust?"

(ECF No. 18-1 at 41.)

The Maryland Court of Special Appeals has provided clear answers to both questions in its published opinion in *Sharma-Marvastian*. Based on these answers and in light of other applicable precedent, this Court is able to reach a "reasoned and principled conclusion" on these points of Maryland law. *Hafford,* 2008 WL 906015, at *4. Thus, "rather than staying and prolonging the proceedings," this Court declines to exercise its discretionary power to certify questions to the Court of Appeals, and DENIES Defendants' Motion. *Arrington*, 2001 WL 34117735, at *5.

## CONCLUSION

For the reasons stated above, Defendants' Motion (ECF No. 18) is GRANTED IN PART and DENIED IN PART. Specifically, Defendants' Motion is GRANTED as to plaintiff Wood, whose claims are time barred. Defendants' Motion is also GRANTED as to

Count I of plaintiffs' Amended Complaint (Declaratory Relief), which is DISMISSED. Defendants' Motion is DENIED as to plaintiff Altenburg's FDCPA claim against Caliber (Count II) and state law claims against LSF9 and Caliber (Count III). It is also DENIED as to the certification of questions to the Maryland Court of Appeals.

A separate Order follows.

Dated: June 26, 2017 
\_\_\_\_/s/_____
Richard D. Bennett
United States District Judge